UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

GIFTON ANGUS,

        *Petitioner*,

     *-against-*

UNITED STATES OF AMERICA,

       *Respondent*.

-----------------------------------X

**MEMORANDUM AND ORDER**

17-CV-583 (KAM)

**MATSUMOTO, United States District Judge:**

On March 31, 1989, in the Eastern District of New
York, petitioner Gifton Angus (the "petitioner") was sentenced
to two concurrent terms of ten years' imprisonment, followed by
ten years of special parole, following his conviction at jury
trial of: one count of importation of over 500 grams of cocaine
("Count One"), in violation of 21 U.S.C. §§ 952(a), 960(a)(1)
and 960(b)(2)(B)(ii), and one count of possession of over 500
grams of cocaine with intent to distribute ("Count Two"), in
violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II).
(ECF No. 6, Ex. 1, Indictment; ECF No. 6, Ex. 2, Judgment and
Probation/Commitment Order, at 16.[1])  On August 22, 2016, Mr.
Angus, proceeding *pro se*, filed the instant motion for a writ of
*coram nobis*, challenging his 1989 convictions.  (ECF No. 1,
Motion for Writ of Coram Nobis ("Mot."), at 1-3.)  Mr. Angus's

---

[1] The government filed all exhibits to its response in a single document,
together with its letter opposition to petitioner's motion for *coram nobis*
relief, and the court's citations to ECF No. 6 refer to the ECF pagination.

asserts that there were fundamental errors in his 1989 convictions, including that he "still maintain[s] innocence and lack of proof" and "is still suffering continue[d] legal consequences from his conviction." (*Id.* at 1-2.)  For the reasons set forth below, Mr. Angus's motion is respectfully DENIED.

## Background

Petitioner Gifton Angus is a citizen of Jamaica who was first admitted into the United States in New York on a B-2 visitor visa in 1981.  (ECF No. 6, Ex. 11, Oral Decision and Order of the Immigration Judge ("Imm. Order"), at 52.)  In 1983, petitioner's status was adjusted to that of a lawful permanent resident.  (*Id.*)

On or about September 25, 1987, petitioner was arrested at John F. Kennedy airport in possession of nearly two kilograms of cocaine, located in a false compartment in his luggage after arriving on a flight from Jamaica.  (*Id.* at 53; ECF No. 6, Ex. 1, Indictment, at 12.)  Petitioner maintained that he did not know how the drugs came to be in his suitcase and claimed that he did not agree to transport the drugs.  (Imm. Order 53.)

In January 1989, in the Eastern District of New York, a jury found petitioner guilty of one count of importing five hundred grams or more of cocaine, in violation of 21 U.S.C. §

2

952(b)(2)(B), and one count of possession with the intent to
distribute five hundred grams or more of cocaine, in violation
of 21 U.S.C. § 841(a)(1).  (ECF No. 6, Ex. 2, at 16.)  On March
31, 1989, petitioner was sentenced to ten years' imprisonment
followed by ten years of special parole.  (*Id.*)  On April 5,
1989, petitioner filed a Notice of Appeal from the judgment
entered by the Eastern District of New York.  By order dated
June 16, 1989, and docketed in the Eastern District of New York
on July 19, 1989, the Second Circuit dismissed petitioner's
appeal from the judgment of conviction due to defendant's
default.  (*See United States v. Angus*, 87-CR-661 (MAC), ECF No.
15.)

In August 1991, petitioner was served with a Form I-
221 Order to Show Cause and charged as being subject to
deportation pursuant to Sections 241(a)(2)(A)(iii) and
241(a)(2)(B)(i) of the Immigration and Nationality Act ("INA")
(ECF No. 6, Ex. 3, Order to Show Cause and Notice of Hearing, at
18-20.)  On November 7, 1994, an immigration court judge ordered
petitioner removed from the United States to Jamaica.  (ECF No.
6-4, Order of the Immigration Judge, at 22-24.)  On November 16,
1994, petitioner filed an appeal with the Board of Immigration
Appeals (the "BIA"), posted an immigration bond of $10,000 and
was released from custody on November 23, 1994.  (ECF No. 6, Ex.
5, Decision of BIA, at 26-27.)  On March 29, 1995, the BIA

3

dismissed petitioner's appeal and issued an order of
deportation.  (*Id.*)  On April 10, 1995, a deportation warrant
was issued for petitioner.  (ECF No. 6, Ex. 6, Warrant of
Deportation for Gifton Angus, at 29-31.)

On January 13, 1997, petitioner was arrested in
Tennessee while traveling in a two-car caravan carrying 65.5
pounds of marijuana.  (ECF No. 6, Ex. 7, State Court Indictment,
at 33-34.)  On December 11, 1998, petitioner was convicted in
Shelby County Criminal Court, in Memphis, Tennessee, under the
alias "Grant Oswald" for the felony offense of Unlawful
Possession of a Controlled Substance with Intent to Distribute,
for which petitioner received a one-year sentence of
imprisonment.  (ECF No. 6, Ex. 7, Judgment, at 36.)

On January 11, 1999, Immigration and Naturalization
Service (the "INS") encountered petitioner while he was
incarcerated at the Shelby County Penal Farm in Tennessee.  (ECF
No. 6, Ex. 8, Warrant of Removal/Deportation, at 39.)  On
February 19, 1999, petitioner was taken into INS custody, and on
March 25, 1999, he was removed from the United States to Jamaica
pursuant to the prior order of removal.  (*Id.* at 40.)

At some point after his deportation, in 2000,
petitioner illegally re-entered the United States.  *See Angus v.
Attorney General United States of America*, 675 F. App'x 193, 194
(3d Cir. 2017) (noting that petitioner reentered the United

4

States in 2000, less than a year after he was deported).  The
government has stated that it is unaware of any records
indicating that petitioner requested or received legal
authorization to reenter the United States following his
removal.  (ECF No. 6, at 2-3.)

On August 26, 2013, immigration officers encountered
petitioner following his arrest by the Binghamton Police
Department in New York for Possession of a Forged Instrument.
*Angus*, 675 F. App'x at 194.  On August 31, 2013, petitioner
posted bail on his criminal charge, was taken into immigration
custody, and was served with a Form I-871, Notice of Intent to
Reinstate a Prior Order of Removal pursuant to Section 241(a)(5)
of the INA.  (ECF No. 6, Ex. 9, Notice of Intent/Decision to
Reinstate Prior Order, at 43.)

On February 28, 2014, petitioner pled guilty to
Reentry of a Previously Removed Alien, in violation of 8 U.S.C.
§§ 1326(a) and (b)(2) in the Northern District of New York.
(ECF No. 6, Ex. 10, Judgment in a Criminal Case, at 45.)
Accordingly, petitioner was sentenced to 30 months of
incarceration. (*Id.* at 46.)  On March 18, 2016, an immigration
judge denied petitioner's application for deferral of removal
and ordered petitioner's removal from the United States.  (ECF
No. 6, Ex. 11, at 50-65.)

On April 4, 2016, petitioner appealed the immigration judge's March 18, 2016 decision and filed a motion to remand to the BIA. (ECF No. 6, Ex. 12, Decision of BIA, at 67.)  On July 8, 2016, the BIA denied petitioner's motion and dismissed the appeal because, *inter alia*, petitioner "did not mention Trevor Dobson or his fear in returning to Jamaica because of his prior dealings with Trevor Dobson" in his prior immigration proceedings and, due to petitioner's post-1996 convictions, he is ineligible for immigration relief under former section 212(c) of the INA.  (*Id.* at 67-68.)  On July 19, 2016, petitioner filed, in the Third Circuit, a Petition for Review of the BIA's July 8, 2016 decision and also sought to stay his removal, which was denied in part and dismissed in part on January 3, 2016. *Angus*, 675 F. App'x at 193.

On February 23, 2017, petitioner was deported from the United States to Jamaica pursuant to a Department of Homeland Security order and Section 241(a)(5) of the INA.  (ECF No. 6-13, Warrant of Removal/Deportation, at 70-72.)  Petitioner has not advised the court of his current address, and the government has advised that petitioner's current whereabouts are unknown.  (ECF No. 6, at 3.)

Prior to this most recent deportation, *pro se* petitioner filed the instant petition on August 22, 2016, seeking *coram nobis* relief related to his 1989 convictions

6

described above.  (Mot. at 1-4.)  Petitioner seeks to have his
1989 drug trafficking convictions vacated.  In support of his
request for relief, petitioner asserts, in conclusory fashion,
that he had no knowledge of the cocaine hidden inside the
suitcase he was carrying.  (*Id.* at 1-3.)  Petitioner further
asserts that his counsel was constitutionally ineffective in
rendering incorrect legal advice regarding the possible
immigration consequences of his 1989 convictions.  (*Id.* at 1-2.)
The petition is silent in regard to Mr. Angus's post-1989
criminal convictions.

### **Standard of Review**

**I.  *Pro Se* Status**

        In the instant action, petitioner is proceeding *pro
se*.  (Mot. at 1-4.)  A *pro se* petitioner's pleadings are held to
"less stringent standards than formal pleadings drafted by
lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations
and internal quotation marks omitted), and are construed "to
raise the strongest arguments that they suggest," *Triestman v.
Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)
(emphasis omitted).  "Nonetheless, a *pro se* [litigant] is not
exempt from compliance with relevant rules of procedural and
substantive law." *Rivera v. United States*, No. 06-CV-5140
(SJF), 2006 WL 3337511, at *1 (E.D.N.Y. Oct. 4, 2006) (citation
omitted).  Petitioner's papers are evaluated accordingly.

## II. *Coram Nobis*

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." A court may grant a writ of *coram nobis* in order to "redress an adverse consequence resulting from an illegally imposed criminal conviction or sentence." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995) (citing *United States v. Morgan*, 346 U.S. 502, 512-13 (1954)). "Coram nobis is an 'extraordinary remedy' [that is] generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence." *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005). In addition, *coram nobis* is "not a substitute for appeal, and . . . is strictly limited to those cases in which errors . . .of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks omitted); *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (describing a writ of *coram nobis* as "a remedy of last resort") (internal quotation marks and citation omitted).

In order to support an application for *coram nobis* relief, a petitioner must show that: "1) there are circumstances

compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (quoting *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) (per curiam)); *Porcelli*, 404 F.3d at 158 ("Speculative harms are insufficient" to demonstrate serious continuing harm.).  The burden to prove the existence of errors in the challenged proceedings rests with the petitioner, and the court presumes that the proceedings were correct until the petitioner shows otherwise.  *See Nicks*, 955 F.2d 161, 167 (2d Cir. 1992).

## Discussion

In his petition filed on August 22, 2016, petitioner asks this court to grant him *coram nobis* relief related to his 1989 convictions for felony drug trafficking offenses.  (Mot. at 1-4.)  For the reasons set forth below, the court finds that petitioner has failed to meet the requirements for *coram nobis* relief and respectfully denies the petition.

**A. Petitioner Has Failed to Establish Any Fundamental Error Regarding His 1989 Convictions that Compels *Coram Nobis* Relief in the Interests of Justice.**

First, petitioner must show that "there are circumstances compelling" the relief and the writ would serve the interests of justice.  *Foont,* 93 F.3d at 79.  Specifically,

9

a petitioner must demonstrate "errors . . . of the most
fundamental character." *Id*. at 78.  Construed liberally, the
petition appears to assert that these fundamental errors are
that (1) petitioner is innocent of the crime; and (2) petitioner
was denied effective assistance of counsel in violation of his
Sixth Amendment rights.  (Mot. at 1-2.)  The claim fails on both
grounds.

### i. Petitioner Has Failed to Show Actual Innocence.

Actual innocence can be grounds for granting a writ of
*coram nobis*.  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1926 (2013)
(actual innocence can warrant *habeas* relief); *see United States
v. Travers*, 514 F.2d 1171, 1173 n.1 (2d Cir. 1974) (finding the
"standards applied in federal *coram nobis* are similar" to those
applied under federal habeas petitions).  In the *habeas* context,
to establish a claim of actual innocence, a petitioner must show
that "a constitutional violation has probably resulted in the
conviction of one who is actually innocent."  *Murray v. Carrier*,
477 U.S. 478, 496 (1986).  To meet his evidentiary burden,
petitioner "must show that it is more likely than not that no
reasonable juror would have convicted him in the light of the
new evidence."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The court agrees with the government's contention that
petitioner's assertion that he is innocent of the drug
trafficking offenses he was convicted of is conclusory and

10

unsupported by any new evidence.  Prior proceedings are presumed to have been conducted correctly until the petitioner shows otherwise, and the burden to prove the existence of errors in the challenged proceedings rests with the petitioner.  *See Nicks*, 955 F.2d at 167.  Petitioner has asserted, in conclusory fashion, that he is innocent and had no knowledge of the cocaine hidden inside the suitcase he was carrying.  Petitioner has failed to offer any new evidence supporting his assertions, and thus has not met his evidentiary burden.  (Mot. at 1.)  Petitioner's conclusory assertions are insufficient to justify *coram nobis* relief.  *See Dixon v. United States*, 2015 WL 851794, at *9 (S.D.N.Y. Feb. 27, 2015); *see also Dennis v. Corcoran*, 2010 WL 5072124, at *3 (W.D.N.Y. Dec.7, 2010) ("A conclusory assertion of a deprivation of constitutional rights does not state a viable claim for habeas corpus relief.").  Nor were there any other allegations in Mr. Angus's petition that demonstrated any fundamental error in his 1989 convictions.  *Foont*, 93 F.3d at 80 ("Claims of new evidence, however, without constitutional or jurisdictional error in the underlying proceeding, cannot support a *coram nobis* claim.").

### ii. Petitioner Has Failed to Show Ineffective Assistance of Counsel.

When construed most liberally, petitioner's argument appears to be that he received ineffective assistance of counsel

11

because he was not advised of the potential immigration consequences of going to trial, and that he would have accepted a plea deal in order to avoid deportation.  (Mot. at 2.)  As noted below, however, Mr. Angus does not assert that he was offered a plea agreement to a charge for which he would not have faced deportation.  Because Mr. Angus's threadbare allegations are insufficient to meet the heavy burden set forth in *Strickland v. Washington*, the court finds that petitioner has failed to identify any fundamental error that led to his 1989 convictions, as a result of alleged ineffective assistance of counsel.

Under the Sixth Amendment, a criminal defendant is afforded "the right . . . to have the assistance of counsel for his defense."  U.S. Const. amend. VI.  This right does not guarantee a defendant "perfect counsel," but rather effective assistance of counsel.  *Constant v. Martuscello,* 119 F. Supp. 3d 87, 142 (E.D.N.Y. 2015) (citations and internal quotation marks omitted), *aff'd,* 677 F. App'x 727 (2d Cir. 2017).  To establish an ineffective assistance of counsel claim, a petitioner must satisfy the two-pronged test announced in *Strickland v. Washington*, *i.e.* that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would be different."  466

12

U.S. 668, 694 (1984).  The two prongs may be addressed in either order, and the court is not required "to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id.* at 697.  "A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury," *id.* at 695, and the petitioner must "affirmatively prove prejudice arising from counsel's allegedly deficient representation," *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) (citations and internal quotation marks omitted).

As the government notes, ineffective assistance of counsel can be grounds for granting a writ of *coram nobis*.  *See Chhabra v. United States*, 720 F.3d 395, 406 (2d Cir. 2013).  Petitioner, however, has failed to meet the two-pronged *Strickland* standard, and his claim is therefore respectfully denied.

First, petitioner has failed to show any deficient performance by his defense counsel falling below an objective standard of reasonableness.  Petitioner asserts that his counsel did not inform him of the immigration consequences of the charged crimes and erroneously assured him that the crimes were not deportable offenses, which caused petitioner to elect to go to trial and forgo the possibility of a plea agreement that could avoid his deportation.  (Mot. at 1-2.)

First, assuming his allegations to be true, petitioner has not adequately alleged that his counsel's performance fell below an objective standard of reasonableness.  Though the Supreme Court held in *Padilla v. Kentucky* that an attorney representing a criminal defendant in plea negotiations has an affirmative duty to advise his client of the immigration consequences of a conviction, *Padilla* does not apply in this case because petitioner's conviction became final before *Padilla* was decided.  *Padilla*, 559 U.S. 356, 367–71 (2010); *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013) (holding that the ruling in *Padilla* is inapplicable on collateral review of a conviction that was final when *Padilla* was decided.)  Even if petitioner could avail himself of the *Padilla* line of cases, his allegations concerning ineffective assistance of counsel fall short because, as noted above, they are conclusory statements without supporting evidence.  *See Dixon*, 2015 WL 851794, at *9 ("[C]onclusory assertions [of extraordinary circumstances] are insufficient to justify coram nobis relief.").

Second, petitioner has not shown a reasonable probability of prejudice under the second prong of *Strickland*. Petitioner does not allege that he was ever offered a plea agreement.  Instead, he merely asserts that his counsel "other wise [sic] could have negotiated a plea to the crime with no effect on respondent [sic] Immigration status[.]"  (Mot. at 2.)

14

Petitioner's assertion is speculative, and as the government notes, there is no evidence that the government would have been willing to offer a plea agreement, much less one that shielded petitioner from immigration consequences resulting from his aggravated felony convictions.  (ECF No. 6, at 6; *Kovacs v. United States*, 744 F.3d 44, 52 (2d Cir. 2014) (holding that in order to show prejudice under *Strickland*, a petitioner must "demonstrate a reasonable probability that the prosecution would have accepted, and the court would have approved, a deal that had no adverse effect on the petitioner's immigration status").)

Additionally, there is no basis for the court to conclude that, absent counsel's alleged deficient performance at trial, petitioner would not have faced immigration-related consequences.  As the government notes, petitioner was convicted of two counts of felony drug trafficking, following a jury trial, and petitioner does not allege – nor could he plausibly allege – that his counsel's advice regarding the immigration consequences could have changed the outcome of trial.  Because petitioner has failed to demonstrate a "reasonable probability" of prejudice, petitioner's claim of ineffective assistance of counsel is respectfully rejected.

As set forth above, petitioner has not demonstrated that his 1989 convictions were tainted by fundamental errors, that he is actually innocent, or that counsel was ineffective.

15

Thus, the court respectfully denies petitioner's *coram nobis* petition on this independent ground.

### B. Petitioner Failed to Demonstrate Sound Reasons for Failure to Seek Appropriate Relief Before 2016.[2]

Petitioner has also failed to meet the second requirement for *coram nobis* relief, *i.e.* demonstrating sound reasons for his failure to seek appropriate before 2016. *Foont*, 93 F.3d at 79. "[A]lthough *coram nobis* relief has no specific statute of limitations, such relief 'may be barred by the passage of time,'" and unless the petitioner demonstrates "'sufficient justification for his failure to seek relief at an earlier time, the writ is unavailable and [the] petition . . . should be dismissed.'" *Sahin v. United States,* No. 13-CV-358, 2014 WL 2177088, at *2 (N.D.N.Y. May 22, 2014) (internal citations omitted); *Dixon*, 2015 WL 851794, at *9 (the timeliness requirement is a "threshold procedural hurdle to obtaining coram nobis relief"); *Rodriguez v. United States*, No. 98-CR-764 (MHD), 2012 WL 6082477, at *9 (S.D.N.Y. Dec. 4, 2012) (failure to fulfill the timeliness requirement is "alone sufficient to bar . . . *coram nobis* petition"). Moreover, "[t]he sufficiency of the reasons bears an inverse relationship to the length of the delay — the longer the delay, the more compelling must be the

---

[2] Because petitioner has failed to satisfy the first requirement for *coram nobis* relief, the court need not address the government's remaining contentions. Nevertheless, for the sake of completeness, the court will address the rest of the government's arguments.

reasons." *Tocci v. United States*, 178 F. Supp. 2d 176, 181
(N.D.N.Y. 2001).

The calculation of the time for filing a petition
begins when the petitioner "knew or should have known . . . of
the facts underlying his current claim." *Foont*, 93 F.3d at 80;
*Rodriguez*, 2012 WL 6082477, at *10; *Evangelista v. United
States*, No. 11-CV-5085, 2012 WL 3818109, at *3 (E.D.N.Y. Sept.
4, 2012), *aff'd*, 523 F. App'x 12 (2d Cir. 2013). Further, an
unjustified delay of nearly three decades is fatal to
petitioner's application for *coram nobis* relief. *See Sash*, 374
F. App'x at 199 (finding no sound reasons for four-year delay);
*Dorfmann*, 2014 WL 260583, at *6 (same for three-year delay); *Ahn
v. United States*, No. 02-CV-8031 (JFK), 2003 WL 21910855, at *3
(S.D.N.Y. Aug. 8, 2003) (same for four-year delay), *aff'd sub
nom. Hyun Ahn v. United States*, 96 F. App'x 43 (2d Cir. 2004).

The court agrees with the government that Mr. Angus
either "knew or should have known" of the facts underlying his
current claim by August 1991, when he was served with an I-221
Order to Show Cause, and charged with being subject to
deportation pursuant to Sections 241(a)(2)(A)(iii) and
241(a)(2)(B)(i) of the INA. (ECF No. 6-3, at 18-20.) Not only
did the Form I-221 alert Mr. Angus that he was subject to
deportation, but he was subsequently placed into deportation
proceedings later that year, which resulted in an immigration

17

judge issuing a permanent order for his removal in 1994.  (ECF No. 6-4, at 22-24.)  Then, after breaching his bond on his immigration case and sustaining another felony conviction, he was deported in 1999.  (ECF No. 6-7, at 36; ECF No. 6-8, at 39-41.)  Petitioner reportedly returned to the United States illegally in 2000 and was ultimately convicted of additional crimes and reinstated into deportation proceedings in 2013.  (ECF No. 6-11, at 54; ECF No. 6-9, at 43.)  Despite receiving notice of the immigration consequences of his 1989 convictions in August 1991, petitioner delayed until August 22, 2016 to file the instant petition challenging his convictions, and he has not identified any reasons that would excuse his failure to seek appropriate relief for more than 25 years.

Furthermore, though petitioner has actively challenged his deportation proceedings commencing in the 1990s and the more recent proceedings starting in 2013, courts within the Second Circuit have repeatedly found that being engaged in immigration proceedings "does not excuse [petitioner's] failure to initiate proceedings to challenge his conviction." *Dorfmann v. United States*, 2014 WL 260583, at *6 (S.D.N.Y. Jan. 23, 2014), *aff'd*, 597 F. App'x 6 (2d Cir. 2015); *see also United States v. Sash*, 374 F. App'x 198, 200 (2d Cir. 2010) (finding "unavailing" petitioner's argument that he delayed filing petition "because he was preoccupied with other proceedings"); *Korac v. United*

*States*, 2011 WL 2365811, at *4 (S.D.N.Y. June 6, 2011) (finding that "where a petitioner has learned that a conviction carries possible immigration consequences and nevertheless waits to seek *coram nobis* relief for a period of several years, or until he has exhausted other means of attacking the conviction, no sound reason exists"); *Sahin*, 2014 WL 2177088, at *2-3 (finding petitioner had failed to demonstrate sound reasons for his eight-year delay between exhaustion of administrative appeals and filing of *coram nobis* petition).

Accordingly, the court finds that petitioner has failed to satisfy the second prong for *coram nobis* relief, and his petition is respectfully denied on this additional ground.

## C. Continuing Legal Consequences from Petitioner's 1989 Convictions Would Not Be Remedied by *Coram Nobis* Relief.

Petitioner has failed to satisfy the third prong for *coram nobis* relief because he has not, and indeed could not, demonstrate that he continues to suffer legal consequences resulting from his 1989 convictions *that would be remedied* by the relief he seeks.

"The prospect of deportation certainly constitutes the type of ongoing legal consequence that could be remedied by a writ of coram nobis." *Korac*, 2011 WL 2365811, at *3; *see Lee v. United States*, No. 05-CV-5844 (JSR), 2007 WL 1987868, at *5 (S.D.N.Y. July 9, 2007) (report and recommendation) (consequence

of deportation "clearly" establishes third requirement for coram
nobis relief); *see also Chhabra*, 2010 WL 4455822, at *3
(petitioner determined to be deportable on the basis of a prior
conviction continues to suffer legal consequences from that
conviction).  If petitioner faced deportation only due to his
1989 convictions, the third requirement for *coram nobis* relief
would be met.  But this is not the case here.

"Where a separate conviction forms an independent
basis for deportation, the extraordinary relief of *coram nobis*
is inappropriate because vacating the challenged conviction
would not prevent the deportation, and is therefore not required
to achieve justice." *Korac*, 2011 WL 2365811, at *4; *Foreman v.
United States*, 247 F. App'x 246, 248 (2d Cir.2007) (affirming
denial of *coram nobis* relief where, *inter alia*, issuance of writ
would not remedy consequence of deportation because petitioner
had been convicted of separate aggravated felony that formed
independent basis for removal); *Shushansky v. United States*, No.
93–5632, 1995 WL 108668, at *2 (E.D.N.Y. Mar. 1, 1995) (denying
*coram nobis* relief where, among other things, petitioner's
independent conviction made him deportable regardless of
challenged conviction).

Mr. Angus has been convicted of at least three
aggravated felonies: the 1989 drug trafficking convictions, the
2014 illegal reentry conviction, and – according to the

government – the 1998 drug conviction.  (ECF No. 6, at 9.)[3]

Petitioner's 2014 illegal reentry conviction, which his instant

petition does not challenge, provides an independent basis for

his deportation pursuant to 8 U.S.C. §§ 1101(a)(43)(O) and

1227(a)(2)(A)(iii) (codifying the term "aggravated felony" as

"an offense described in section 1325(a) or 1326 of this title

committed by an alien who was previously deported on the basis

of a conviction for an offense described in another subparagraph

of this paragraph").  As a result, even if petitioner's 1989

convictions were vacated, he would still be subject to

deportation from the United States on the basis of the 2014

felony conviction.  Accordingly, petitioner has not shown that

he suffers from continuing legal consequences that may be

remedied by the requested relief, and thus the court

respectfully denies the petition on this ground as well.

## Conclusion

         For the reasons stated above, Mr. Angus's *coram nobis*

petition is respectfully DENIED.  The Clerk of Court is

respectfully directed to enter judgment in favor of respondent

---

[3] The 1998 Tennessee state court proceeding resulted in petitioner's conviction
of a drug-trafficking-related violation of state law.  Though the government
contends that the 1998 state conviction constitutes an "aggravated felony" under
8 U.S.C. § 1101(a)(43)(B), which would make petitioner deportable under 8 U.S.C.
§ 1227(a)(2)(A)(iii), the government does not explain why the state criminal
conviction necessarily constitutes an aggravated felony under the federal
statute, which by its own terms, applies to terms "[a]s used in this chapter[.]"
Further, because the court has found that other bases for denial of the petition
exist, the court respectfully declines to rule on this issue.

and close this case.  Respondent is directed to make reasonable efforts to serve Mr. Angus with a copy of this Memorandum and Order and the judgment, whenever his current address is obtained, and to note service on the docket.

**SO ORDERED.**

Dated:     July 8, 2020
           Brooklyn, New York

_____/s/_____
**HON. KIYO A. MATSUMOTO**
United States District Judge